# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DNB FITNESS, LLC, DT FITNESS, INC., J.H.F. ENTERPRISES, LLC. JWS FITNESS, LLC, KARE4 FITNESS, LLC, KLEAR FIT, LLC I, KODY ENTERPRISES OF MINNESOTA, INC., NEW AGE FITNESS, INC., VIRES, LLC, PKN INC., SHOCKLEY FITNESS, LLC, SOUTHWEST FITNESS, LLC, TED A. TOLLESON, WPD ENTERPRISES, LLC. | Case No. 11-cv-4892  Judge Sharon Johnson Coleman |
| Plaintiffs, | |
| v. | |
| ANYTIME FITNESS, LLC  Defendant. | |

## MEMORANDUM OPINION

Defendant, Anytime Fitness, LLC, ("Anytime"), brings forth this matter alleging breach of contract and a violation of the Clayton Act. Plaintiffs, Anytime Franchisees, ("Franchisees"), object to Anytime's motion. For the following reasons, Anytime's motion is granted in part and denied in part.

### BACKGROUND

Plaintiffs are each individual franchisees of Anytime and are each parties to a separate individual franchise agreement granting them the right to operate a 24-hour fitness facility within Anytime's franchise system. Each franchise agreement contains the same material substantive provisions as those of other franchisees.

1

Since December 1, 2009, Anytime has required its franchisees to enroll all existing and future members of their fitness centers in a health and fitness website called "Anytime Health", which is maintained by an Anytime affiliate, Anytime Health, LLC. On June 4, 2010, Anytime issued a policy statement to all of its franchisees requiring each to pay a reoccurring charge of fifty cents ($.50) per month for each club member that joins Anytime Health after July 31, 2010. This fee, to be turned over by the franchisees to Anytime Health, LLC, is capped at $225 dollars a month, per club.

Between August 1, 2010 and the present date, Anytime has been enacting this policy and charging plaintiffs with a monthly $225 fee. While plaintiffs have made timely payments of the Anytime Health fee, they allege that this fee was not disclosed to them at the time of execution of the franchise agreements or at any other time prior to June 4, 2010. Consequently, plaintiffs have brought forth a breach of contract claim and a claim alleging a violation of the Clayton Act. Specifically, plaintiffs contend that Anytime has breached the fee provisions set forth in the franchise agreements and used its leverage as a franchisor to enhance sales in the fitness website market in violation of Section 3 of the Clayton Act. Anytime seeks to dismiss all claims in full or, in the alternative, transfer venue of this matter to the District of Minnesota.

## LEGAL ANALYSIS

Federal Rules of Civil Procedure set forth the federal pleading requirement of a short and plain statement of the claim upon which relief can be granted. Fed. R. Civ. P. 8(a). In order to survive dismissal, the complaint must allege sufficient factual content to raise the right to relief above a speculative level. *Bell Atlantic Corp. v Twombly*, 550 U.S. 544, 569 n. 14, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007). When considering dismissal of

a complaint, the Court accepts as true all well-pleaded allegations and draws all reasonable inferences in favor of the plaintiff. *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007).

## DISCUSSION

**Motion to Dismiss**

Anytime argues that pursuant to section 18.B of each franchise agreement, the parties agreed to participate in mediation prior to the filing of any actions before a court. Here, the parties have yet to mediate their issues in this matter. Therefore, Anytime argues that plaintiffs' claims should be dismissed. Plaintiffs, on the other hand, argue that mediation is not required by the terms of the franchise agreements because plaintiffs seek equitable relief.

Section 18.B of the franchise agreements states:

<u>Mediation</u>. **Except where either of us believes it is necessary to seek equitable relief to preserve the goodwill of our respective businesses** (including, but not limited to, the enforcement of obligations upon termination of this Agreement and the covenants not to compete contained in this Agreement), we each agree to enter into mediation of all disputes involving this Agreement or any other aspect of the relationship between us, for a minimum of four (4) hours, prior to initiating any legal action or arbitration against the other. (emphasis added).

The franchise agreement unambiguously states that mediation will be required except where either party seeks equitable relief. Equitable relief is defined as "a nonmonetary remedy, such as an injunction or specific performance, which is obtained when the available legal remedies, usually monetary damages cannot adequately redress the injury." Black's Law Dictionary (2011). Here, plaintiffs seek to permanently enjoin Anytime from charging plaintiffs the Anytime Health fee. Further, Anytime concedes

3

that because the plaintiffs do not seek monetary damages of past months of required payment, but instead seek to eliminate the Anytime Health Fee in its entirety, they are seeking equitable relief. Def.'s Reply Brief, at n 8. Accordingly, pursuant to the franchise agreements, plaintiffs are not required to mediate their claims prior to bringing forth this matter.

Anytime still maintains that mediation is required in this case because the mediation exception set forth in the franchise agreements is not for any and all cases seeking equitable relief, but only in those where equitable relief is necessary to preserve goodwill. "Goodwill has been defined as the favor won from the public and the 'probability that customers will continue their patronage.'" *Sealock, O.D. v. Peterson, O.D.*, No. A06-2479, 2008 WL 314146, at * 4 (Minn. Ct. App. Feb. 5, 2008) citing *Black's Law Dictionary*, 694 (6th ed. 1990). Plaintiffs have alleged that their customers' use of the Anytime Health program has been minimal and unsatisfactory. One could infer from these allegations that as franchisees are obligated to charge customers a mandatory fee for a product that they dislike, over time, the goodwill of the franchisees will suffer. Accepting the allegations set forth in the plaintiffs' complaint as true, plaintiffs have sufficiently demonstrated that the equitable relief sought is necessary to preserve their goodwill. Accordingly, Anytime's motion to dismiss for failure to participate in mediation is denied.

Second, Anytime argues that the claims brought forth by certain plaintiffs should be dismissed because they have been released prior to the initiation of this case. Specifically, plaintiffs DNB, JHF, Kare4, Klear Fit, Kody and PKN (collectively, "Releasor Plaintiffs") all executed franchise transfer agreements with Anytime. Pursuant

to those transfer agreements, the releasor plaintiffs, in exchange for the benefit to operate an Anytime fitness facility, agreed to release any and all claims against Anytime arising from the franchise agreements prior to the date the transfer agreements were executed. Therefore, Anytime argues that the releasor plaintiffs' claims in this matter should be dismissed with prejudice because the claims at issue arose before the transfer agreements were signed.

Plaintiffs, argue that each new fee charged each month after the franchise transfer agreements were signed constitutes a new breach of contact. Under their theory, every month that plaintiffs paid the Anytime Health Fee after the transfer agreements had been signed constituted a new claim that has not been barred by the release provision.

In support, plaintiffs rely on the language included in *Hi-Lite v. American Home Products Corp*. In *Hi-Lite*, the court explained that when contracts require continuous performance they are capable of being partially breached on numerous occasions and "[e]ach partial breach is actionable […]." *Hi-Lite Products Co., v. American Home Products Corp.*, 11 F.3d 1402, 1410 (7th Cir. 1993). Nevertheless, the court in *Hi-Lite* also recognized that a continuous contract is also capable of a total breach by repudiation or a material failure of performance. *Id*. If a total breach occurs, one claim is formed at the time of the initial breach. *Se*e *id*.

Here, the wrongful conduct alleged is Anytime's failure to disclose the Anytime Health fee policy prior to the execution of the franchise agreements, not the failure to disclose the Anytime Health fee each month prior to it being charged. Therefore the failure to disclose is a one time breach and does not constitute conduct that Anytime was expected to perform on an ongoing basis. Consequently, Anytime's failure to disclose

5

does not give rise to a new cause of action each month. *See Park Nicollet Clinic v. Hamann*, No. A10–6058, 2011 WL 6057981, *1, *7 (Minn. Dec. 7, 2011).

Further, the cases plaintiffs cite to support its position are distinguishable. In each of these cases, the defendant had a statutory or contractual obligation to pay wages or provide benefits in such a way that gave rise to a new cause of action each time there was a lack of payment. These cases would be applicable here if the wrongful conduct alleged was simply charging an arbitrary fee (which is a claim that could be addressed monetarily). That, however, is not the wrongful conduct that forms the basis of plaintiffs' complaint and request for relief. Instead, the alleged wrongful conduct here is failure to disclose a fee policy prior to its implementation on August 1, 2010. Any fees charged to plaintiffs thereafter are a consequence of the alleged wrongful conduct, but do not constitute the wrongful conduct for which plaintiffs seek equitable relief. *Id*. Consequently, Anytime's motion to dismiss is granted with respect to releasor plaintiffs' claims, all of which have been released prior to the commencement of this matter.

**Motion to Transfer Venue**

In the alternative to dismissal, Anytime requests that this matter be transferred to Minnesota. A motion to transfer venue is governed by 28 U.S.C. § 1404(a) and allows a district court to transfer a civil action "'for the convenience of the parties and witnesses, in the interest of justice ... to any other district or division where it might have been brought.'" *Ace Hardware Int'l Holdings, Ltd., v. Masso Expo Corp.*, NO. 11–cv–3928, 2011 WL 5077686, at *5 (N.D. Ill. Oct. 25, 2011) (quoting 28 U.S.C. §1404(a)). A transfer under §1404(a) is appropriate if "(1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3)

transfer is in the interests of justice." *Methode Elecs., Inc. v. Delphi Auto. Sys. LLC*, 639 F.Supp.2d 903, 907 (N.D. Ill. 2009). Here, Anytime argues that, pursuant to the franchise agreements' forum selection clause, Minnesota has been designated as the forum for litigation between the parties. Additionally, Anytime argues that even without considering the forum selection clause, this matter should be transferred to Minnesota based on the convenience to both parties and in the interest of justice. Plaintiffs, on the other hand, argue that the forum selection clause in the franchise agreement allows them to maintain this matter before this Court because they seek an injunction to resolve this matter.

The forum selection clause contained in the parties' franchise agreement reads as follows:

> We and you (and your owners and guarantors if applicable) each agree that if litigation is permitted under this Agreement, the sole forum for litigation arising under this Agreement, or any aspect of the relationship between us (even if additional parties are name as parties to that litigation) will be the state or federal courts of Minnesota. Those actions must be exclusively venued either in the District Courts of Minnesota, County of Ramsey, or the United State [sic] District Court for the District of Minnesota. We each waive any objection we may have to either the jurisdiction or the venue of such court (except to the extent jurisdiction is preempted by the arbitration provisions of this Agreement), and we each consent to personal jurisdiction and venue in such court. **However, if we are permitted to seek injunctive relief under this Agreement, we may, at our option, bring that action in the county in which your Anytime Fitness Center is located.** (emphasis included).

There is no dispute that a request for injunctive relief is an exception to the requirement that legal matters be litigated in Minnesota's courts. The parties, however, disagree as to whom the exception applies. Anytime argues that it is the only party that can exercise the exception because, in the franchise agreements, "we" and "us" are defined as "Anytime"

7

Fitness, Inc. and "you" is defined as the "Franchisee". Plaintiffs argue that, despite being defined terms within the franchise agreement, "we" is used interchangeably to mean either Anytime or to mean both parties collectively.

A review of the forum selection clause shows that "we" is used at times to reference both parties. Therefore, the Court cannot ascertain whether the "we" in the phrase "we are permitted to seek injunctive relief under this Agreement" refers to Anytime alone or if it refers to both parties. Since the inconsistency in the use of the term "we" has rendered the exception to the forum selection clause ambiguous, the Court will construe the provision in favor of the plaintiffs. *Bourke v. Dun & Bradstreet Corp.*, 159 F.3d 1032, 1036 (7th Cir. 1998) (determining that ambiguous terms of a disputed provision in a contract are construed against the drafter.) Thus, the court will interpret the exception to the forum selection clause to be applied to both parties in the same manner.

However, the removal of releasor plaintiff, Klear Fit, leaves none of the remaining plaintiffs with fitness centers in Cook County, Illinois. Thus, while the remaining plaintiffs qualify for the forum selection clause exception, they have failed to bring forth their claims in a county in which one of the remaining plaintiffs is located.

Given that plaintiffs cannot rely on the forum selection clause to keep this matter in this Court, we will now turn to the factors set out under § 1404 to determine whether the case can remain in this venue – namely convenience of the selected forum and the interest of justice. Anytime has pointed out that Anytime Health is located in Minnesota and the material events of this lawsuit occurred in Minnesota, including the development of the Anytime Health website, the collection of the fee at issue and the execution of the

franchise agreements. Additionally, non-party witnesses, most likely persons associated with Anytime Health, are also located in Minnesota.

Plaintiffs have presented no contrary claims on the issue of convenience. Instead plaintiffs argue that, in the interest of justice, this Court should maintain this matter in Illinois pursuant to the Illinois Franchise Disclosure Act. The Illinois Franchise Disclosure Act recognizes that "Illinois has a strong public policy in overriding consent to jurisdiction in . . . franchise agreement[s]" and declares any provision in a franchise agreement that designates jurisdiction or venue in a forum outside of this State as void, provided that arbitration may take place outside of this State. 815 ILCS § 705/4 (2011); *Franklin's Systems, Inc. v. Infanti,* 883 F.Supp. 246, 250-51 (N.D. Ill. 1995). However, as none of the remaining plaintiffs in this matter reside in Illinois, plaintiffs have not set forth any reason why the Illinois Franchise Disclosure Act should apply to their claims.

Given that Anytime has listed a variety of factors demonstrating that Minnesota would be a convenient forum while plaintiffs have not alleged any reasons why Illinois or any other venue in which any remaining plaintiffs are located would be a more convenient forum for this case, this Court transfers this matter to the District of Minnesota. There, remaining plaintiffs will have the opportunity to enforce the exception to the franchise agreement's forum selection clause in an appropriate venue.

## Conclusion

Defendant Anytime Fitness, Inc.'s motion to dismiss is granted in part and denied in part. With respect to the following plaintiffs, DNB, JHF, Kare4, Klear Fit, Kody and PKN all claims are dismissed. With respect to the remaining plaintiffs, the motion to dismiss is denied and this case is transferred to the District of Minnesota.

IT IS SO ORDERED.
May 30, 2012

Dated

Hon. Sharon Johnson Coleman
United States District Court